NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRICKLAYERS AND ALLIED CRAFTWORKERS ADMINISTRATIVE DISTRICT COUNCIL OF NEW JERSEY AND ITS LOCAL UNION NO. 5, | : : : : : |
| Petitioner, | : : Civil Action No. 10-4467 (SRC) |
| v. | : : OPINION |
| KAL-TECH ENGINEERING, | : : : : : |
| Respondent. | : |

**CHESLER, U.S.D.J.**

This matter comes before the Court on two motions: 1) the motion to confirm the arbitration award by Petitioner Bricklayers and Allied Craftworkers Administrative District Council of New Jersey and its Local Union No. 5 (the "Union"); and 2) the cross-motion to vacate the arbitration award by Respondent Kal-Tech Engineering ("Kal-Tech"). For the reasons that follow, the motion to confirm the arbitration award will be denied, and the motion to vacate the arbitration award will be granted.

This case concerns a labor dispute that was heard by the Joint Arbitration Board, a panel of six arbitrators (the "Arbitrators"). On July 7, 2010, the Arbitrators issued a final decision. In brief, KTC Construction ("KTC") had signed a labor agreement with the Union, while Kal-Tech had not. The labor agreement contains an arbitration provision. The arbitrators found that KTC and Kal-Tech were closely related entities and ordered Kal-Tech to pay roughly $33,000 into

Union benefit funds.

Kal-Tech moves to vacate the arbitration award on the ground that the arbitrators exceeded their powers. This is clearly true. It is well-settled that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960). This fundamental principle alone mandates that the award be vacated. It is undisputed that Kal-Tech was not a signatory to the labor agreement with the Union. The arbitrators had no authority to compel Kal-Tech to submit to arbitration.

Moreover:

> [T]he question of arbitrability – whether a collective-bargaining agreement creates a duty for the parties to arbitrate the particular grievance – is undeniably an issue for judicial determination. Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator.

AT&T Techs. v. Communs. Workers of Am., 475 U.S. 643, 649 (1986). The Union argues that the parties in this case did clearly and unmistakably provide otherwise, and, as such, "judicial determination of arbitrability may be circumvented through contract." (Pl.'s Br. 11.) The problem is that, to support this argument, Plaintiff points to the contract between the Union and KTC. Plaintiff has pointed to nothing which might evidence Kal-Tech's clear and unmistakable agreement to an arbitration provision in a contract it did not sign. In the absence of such a clear and unmistakable agreement between Kal-Tech and the Union, the question of whether Kal-Tech is bound by the labor agreement is to be decided by the Court, not the arbitrator.

Under Supreme Court authority, the Arbitrators exceeded their powers. "[A] compulsory submission to arbitration cannot precede judicial determination that the collective bargaining

agreement does in fact create such a duty." John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 547 (1964).

The Union also observes that there are five theories under which non-signatories may be bound to arbitration agreements. This may well be true. The problem, though, is that, under existing precedent, the determination as whether a non-signatory may be bound under one of these theories is a matter for the Court, not for the arbitrator.

Finally, the Third Circuit's decision in Laborers' Int'l Union v. Foster Wheeler Corp., 868 F.2d 573, 576 (3d Cir. 1989) controls this Court's decision on this issue. The Third Circuit has summarized that decision as follows:

> This Court vacated the arbitration order because the district court, not the arbitrator, was to decide whether FWC was bound by the Agreement, since if it were not bound, it could not be commanded to submit to arbitration. The reason is straightforward: a party cannot be compelled to arbitrate the arbitrability issue. As a signatory to the Agreement, FWEC was unquestionably obligated to arbitrate the dispute. FWC, on the other hand, was not a signatory thereto, and hence the court could direct it to arbitration only if the court first determined that somehow FWC had become bound by the Agreement.

Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 399 n.27 (3d Cir. 1994) (citations omitted). The analogy is so clear that no further explanation is needed.

Under the FAA, the determination that the Arbitrators exceeded their powers allows the Court to vacate the award. 9 U.S.C. § 10(a)(4). The motion to confirm the arbitration award will be denied, the motion to vacate the arbitration award will be granted, and the Arbitrators' award will be vacated.

                                                  /s Stanley R. Chesler
                                              STANLEY R. CHESLER
Dated: January 4, 2011                    United States District Judge